UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN DIXON and
ELSA DIXON,

    Plaintiffs,

v.                                                                                       Case No. 17-10195
                                                                                     HON. AVERN COHN

JUDITH KURTA,
DENNIS KURTA,
JAMES CONNER,
STEPHANIE CONNER, and
CITY OF ROSEVILLE, MICHIGAN

    Defendants.

_____/

**<u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF ROSEVILLE'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT, AND IN THE ALTERNATIVE, TO STRIKE PLAINTIFFS' AMENDED COMPLAINT (Doc. 21)</u>**

**I.    INTRODUCTION**

This is a civil rights case. Plaintiffs Reverend Ervin and Elsa Dixon (Plaintiffs) are suing Defendants City of Roseville, Michigan (City of Roseville), individuals James and Stephanie Conner (Conners), and individuals Dennis and Judith Kurta (Kurtas). Plaintiffs say that for over two years, the Conners and Kurtas have exhibited a pattern of unlawful ethnic intimidation and harassment toward them. They further say that the City of Roseville in the person of city attorney Timothy Tomlinson (Tomlinson) did not prosecute the Conners and Kurtas for violating city ordinances prohibiting trespass, harassment, ethnic intimidation, and malicious destruction of property (though they fail

to provide the text or citation of any city ordinance they claim was violated).[1] Tomlinson did, however, prosecute Plaintiffs for placing a string fence on their property in violation of a city ordinance (which they also fail to cite). Finally, Plaintiffs say Tomlinson should have referred the Conners and Kurtas to state authorities for prosecution for violating M.C.L. § 750.147b, which prohibits ethnic intimidation.

Plaintiffs filed their complaint on January 20, 2017 (Doc. 1) and an amended complaint on July 18, 2017 (Doc. 19). The amended complaint is in seven counts:

- Counts I and II: Violation of 42 U.S.C. § 3617 as to the Kurtas and Conners;
- Count III: Violation of 42 U.S.C. § 1983 as to the City of Roseville;
- Count IV: Violation of Article I, Section 2 of the Michigan Constitution as to the City of Roseville;
- Count V: Violation of M.C.L. § 750.147b as to the Kurtas and Conners;
- Count VI: City of Roseville's Vicarious Liability for Tomlinson's Actions;
- Count VII: Violation of the Fourteenth Amendment Equal Protection Clause as to the City of Roseville.

Plaintiffs seek actual, punitive, treble, and non-economic damages, as well as costs and attorney's fees. Only Counts III, IV, VI, and VII charge the City of Roseville with wrongdoing.

Now before the Court is the City of Roseville's motion, styled "Motion To Dismiss And For Summary Judgment Of Plaintiffs' First Amended Complaint Pursuant To Fed. R. Civ. P. 12(B)(6) And 56(A) Or Alternatively, To Strike Plaintiffs' First Amended

---

[1] Plaintiffs appear to rely on letters Tomlinson sent to the Kurtas and Conners notifying them that trespass, harassment, ethnic intimidation, and malicious destruction of property violated City of Roseville ordinances. These letters also did not identify specific ordinances (Doc. 19, Exhibits B-C).

Complaint Pursuant To Fed. R. Civ. P. 12(F)" (Doc. 21). For the reasons that follow, the motion is GRANTED for failure to state a claim against the City of Roseville.

## II. LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Further, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim "must be dismissed . . . if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) (internal quotation marks omitted).

## III. DISCUSSION

### A. § 1983 Liability

Section 1983 "does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010). "To state a claim under § 1983, a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law." Baynes v. Cleland, 799 F.3d 600, 607 (6th Cir.

2015), cert. denied, 136 S. Ct. 1381 (2016) (citing Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir.2006)).

### B. Municipal Liability Under § 1983

Under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), a local government may be liable as an entity when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694. "[A] municipality or county cannot be liable under § 1983 absent an underlying constitutional violation by its officers." Id. at 487 (quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 900 (6th Cir. 2004)) (internal quotation marks omitted).

In Pembaur v. City of Cincinnati, 475 U.S. 469 (1986), the Supreme Court further explained when municipal liability exists:

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking authority is a question of state law.

Id. at 481–83 (emphasis added).

### C. Analysis

Plaintiffs have failed to state a claim against the City of Roseville for three reasons. First, Plaintiffs have failed to cite any provision of Michigan law (as required by Pembaur) that would allow the Court to find that Tomlinson was a policymaker for the City of Roseville. Second, because Plaintiffs do not specify which city ordinances

4

Tomlinson failed to enforce, they have "essentially waived the argument." <u>Dubay v. Wells</u>, 506 F.3d 422, 431 (6th Cir. 2007). Third, a city attorney only has the authority to prosecute violations of city ordinances, and does not have a duty to refer violations of state law to a state or county prosecutor for prosecution.

## IV. CONCLUSION

Because Plaintiffs have not alleged that Tomlinson acted according to an official policy of the City of Roseville, or that Tomlinson violated Plaintiffs' federal or constitutional rights, dismissal of Plaintiffs' claims against the City of Roseville is appropriate.

SO ORDERED.

s/Avern Cohn
AVERN COHN
 UNITED STATES DISTRICT JUDGE

Dated: December 17, 2017
      Detroit, Michigan