UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN DIXON and
ELSA DIXON,

    Plaintiffs,

v.

Case No. 17-10195
HON. AVERN COHN

JUDITH KURTA,
DENNIS KURTA,
JAMES CONNER, and
STEPHANIE CONNER,

    Defendants.

_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 32)**

**A.**

**1.**

This is a case brought under the Fair Housing Act, 42 U.S.C. § 3617. Plaintiffs Reverend Ervin and Elsa Dixon are suing their neighbors Dennis and Judith Kurta and James and Stephanie Conner. Plaintiffs say that since they moved into their home in 2014, defendants have continually subjected them to racially motivated harassment, ethnic intimidation, trespass, and malicious destruction of property.

Now before the Court is defendants' Motion to Dismiss and for Summary Judgment (Doc. 32). Plaintiffs have responded (Doc. 36) and defendants have replied (Doc. 38). The parties filed separate statements of fact (Docs. 33, 37). The Court will consider the motion only as a motion for summary judgment.

**2.**

Summary judgment will be granted if the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**3.**

An indispensable element of a Fair Housing Act claim is that "the defendants were motivated by an intent to discriminate." Bloch v. Frischholz, 587 F.3d 771, 783 (7th Cir. 2009). Given that plaintiffs have failed to counter defendants' assertion that there is no genuine dispute as to the fact that nothing defendants may have said or done to plaintiffs was motivated by an intent to discriminate, summary judgment is GRANTED to defendants and this case is DISMISSED.

**B.**

Plaintiffs' statement of facts (Doc. 37) does not take issue with any fact asserted in defendants' statement of facts (Doc. 33). Further, while defendants proffer affidavits attesting to a lack of discriminatory intent (see Doc. 32-3), plaintiffs have not responded with admissible evidence that any of the harassment they complain of was motivated by racial discrimination. Rather, plaintiffs rely on hearsay statements made by Timothy Tomlinson, Nora Hudson, and Mike Demick (Docs. 36-1, 36-2, 36-3). While the statements may show that plaintiffs said their neighbors' behavior was racially motivated, it is impermissible to then draw the inference that the behavior was in fact racially motivated. Fed. R. Evid. 801(c). The events Hudson describes in her letter do

2

not evidence racial discrimination, and Demick admitted in his deposition that he did not investigate to see whether any of plaintiffs' claims were true before coming to the conclusion that the harassment was racially motivated. (Doc. 36-4).

The fact that Tomlinson wrote that the Conners "appear[ed]" to be committing "ethnic intimidation" against plaintiffs (Doc. 36-2) does not create a genuine issue. Tomlinson clarified that he did not intend for his letter to the Conners to communicate that plaintiffs' problems had anything to do with race. (Doc. 38-2).

Plaintiffs say in their response papers that the Conners put up a "cross in their front yard with red lights on it." (Doc. 36), insinuating but not directly stating that the display was supposed to resemble a burning cross. James Conner stated in an affidavit that "We are Christians and in celebration of our Savior, we display decorations during our Holy Holidays, including putting up a tree, lights and a prominent cross. . . . We have hung this cross well before I met the Dixons." (Doc. 32-3). Since plaintiffs have failed to proffer evidence to the contrary, no reasonable jury could conclude that the cross was meant to insult plaintiffs in any way.

Plaintiffs also say they possess a video which contains evidence of discriminatory intent. The video is not part of the record.

No reasonable jury could rely on plaintiffs' evidence to find that defendants acted out of racial animus.

                                                                            s/Avern Cohn
                                                                            AVERN COHN
                                                                            UNITED STATES DISTRICT JUDGE

Dated: June 4, 2018
Detroit, Michigan